IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


RONNIE LEE OWEN,
      Petitioner,

vs.                                        Case No.:  5:13cv3/LAC/EMT

PAIGE AUGUSTINE, WARDEN,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (doc. 10).  Respondent filed an answer (doc. 15), and Petitioner filed a reply (doc. 20).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed for lack of jurisdiction, based upon Petitioner's failure to exhaust administrative remedies.

I.      BACKGROUND

Petitioner is an inmate of the Federal Bureau of Prisons ("BOP") currently housed at the federal correctional institution in Marianna, Florida (doc. 10 at 1).  In his habeas petition, he challenges the BOP's collection of restitution payments from his inmate account through the BOP's Inmate Financial Responsibility Program ("IFRP") (*id.* at 2–18).[1]  Respondent contends the petition

_____

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

should be dismissed for lack of jurisdiction, because Petitioner has not exhausted his administrative remedies (doc. 15 at 4–5). Respondent additionally contends that even if the court considered the petition on the merits, it should be dismissed, because Petitioner's arguments are without merit (*id.* at 5–7).

II.      ANALYSIS

It is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Exhaustion of administrative remedies is jurisdictional. *See* United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (dismissing claim for sentence credit under § 3585(b) for lack of jurisdiction, because prisoner failed to exhaust administrative remedies); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (same);[2] United States v. Mitchell, 845 F.2d 951, 952–53 (11th Cir. 1988) (same); *see also, e.g.,* Nichols v. Warden, FCC Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012) (unpublished) (exhaustion of administrative remedies is jurisdictional in § 2241 cases brought by federal prisoners) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)); Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same).

_____

[2] In Lucas, the court concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C. § 3568. *See* 898 F.2d at 1554–56. The Eleventh Circuit has reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts." Richardson v. Reno, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029 (1999). Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility." *Id.*; *cf.* Gallo Cattle Co. v. United States Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). *But see* Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995) (declining to address exhaustion in § 2241 context where Government did not raise issue of petitioner's failure to exhaust).

The BOP provides a four-level administrative grievance procedure for prisoner complaints (doc. 15, Ex. 4, Declaration of Joksan J. Morgan ¶ 2). 28 C.F.R. § 542.10–542.15; United States Dep't of Justice, Federal Bureau of Prisons, Program Statement No. P1330.17. Initially, prisoners must seek resolution of issues through informal grievances (*id.*). 28 C.F.R. § 542.13(a); BOP Program Statement P1330.17, pp. 4–5. If unsuccessful, an inmate may then file a formal written complaint with the warden of his institution on the BP-9 form (*id.*). 28 C.F.R. §§ 542.13(a), 542.14; BOP Program Statement P1330.17, pp. 4–6. An inmate who is not satisfied with the warden's response may appeal to the Regional Director on the BP-10 form (*id.*). 28 C.F.R. § 542.15; BOP Program Statement P1330.17, pp. 6–7. The appeal must be submitted within twenty calendar days of the date the warden signed the response. *Id.* An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel for the BOP on a BP-11 form within thirty calendar days of the date the Regional Director signed the response (Morgan Decl. ¶ 2). 28 C.F.R. § 542.15; BOP Program Statement P1330.17, pp. 6–7. When the inmate demonstrates a valid reason for delay, these time limits may be extended. 28 C.F.R. § 542.15; BOP Program Statement P1330.17, p. 7. In general, a valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. 28 C.F.R. § 542.14(b). Valid reasons for delay include the following: an extended period in transit, during which the inmate was separated from documents needed to prepare the request or appeal; an extended period of time during which the inmate was physically incapable of preparing a request or appeal; an unusually long period taken for informal resolution attempts; and indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 was delayed.[3] *Id.*

---

[3] Section 542.19 provides:

Inmates and members of the public may request access to Administrative Remedy indexes and responses, for which inmate names and Register Numbers have been removed, as indicated below. Each institution shall make available its index, and the indexes of its regional office and the Central Office. Each regional office shall make available its index, the indexes of all institutions in its region, and the index of the Central Office. The Central Office shall make available its index and the indexes of all institutions and regional offices. Responses may be requested

The administrative remedy coordinator at any level may reject and return to the inmate without response a request or appeal that does not meet the requirements of the administrative regulations. 28 C.F.R. § 542.17; BOP Program Statement P1330.17, pp. 8–9. When a submission is rejected, the inmate must be provided a written notice, signed by the administrative remedy coordinator, explaining the reason for rejection. *Id.* If the defect on which the rejection is based is correctable, the notice must inform the inmate of a reasonable time extension within which to correct the defect and resubmit the request or appeal. *Id.*

Once a BP-9, BP-10, or BP-11 request or appeal is filed, a response must be made by the warden within twenty calendar days, by the Regional Director within thirty calendar days, and by the General Counsel within forty calendar days, respectively. 28 C.F.R. § 542.18; BOP Program Statement P1330.17, pp. 9–10. If the time period for response to an innate request or appeal is insufficient to make an appropriate decision, the time for response may be extended once by twenty days at the institutional level, thirty days at the regional level, or twenty days at the General Counsel level. *Id.* Staff must inform the inmate of this extension in writing. *Id.* If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. *Id.*

According to the BOP's records, Petitioner filed a BP-9 complaint, #706850, at the institutional level (Morgan Decl. ¶ 7). The warden denied the request on October 15, 2012 (*id.*). On October 30, 2012, Petitioner filed a BP-10 appeal to the Regional Director (*id.*). The appeal was rejected, because it was illegible (*id.*). When an administrative remedy is rejected for this type of reason, the inmate is advised he may resubmit his appeal within a specific time period (Morgan

---

from the location where they are maintained and must be identified by Remedy ID number as indicated on an index. Copies of indexes or responses may be inspected during regular office hours at the locations indicated above, or may be purchased in accordance with the regular fees established for copies furnished under the Freedom of Information Act (FOIA).

28 C.F.R. § 542.19.

Decl. ¶ 8).  Petitioner did not resubmit his BP-10 appeal, nor did he file an appeal to the General Counsel (*id.*).

Petitioner states misconduct by BOP staff prevented him from timely resubmitting his appeal to the Regional Director (doc. 20 at 3–4, Ex. 1).  He states the Regional Director rejected his BP-10 on November 1, 2012, and provided him fifteen days (from the date of the rejection) to resubmit it (*id.*).  Petitioner states the Regional Director's rejection was received by his institution on November 6, 2012 (*id.*).  Petitioner states Counselor Connie Copeland withheld it from him until December 7, 2012, and by then it was too late to file a timely re-submission (*id.*).  Petitioner states he asked Ms. Copeland to provide him a letter verifying he did not receive the response until December 7, but she refused (*id.*).  He states he resubmitted the BP-10 on December 14, 2012, but has not received a response as of July 13, 2013 (*id.*).  In support of his allegations, Petitioner submitted a declaration of Inmate Gregory Young (doc. 20, Ex. 2).  Inmate Young states he witnessed Ms. Copeland enter Petitioner's cell on December 7, 2012, at 9:05 a.m. and hand him a thick document (*id.*).  Young states as soon as Copeland left, he entered Petitioner's cell and looked at the document (*id.*).  Young states the document was a rejected BP-10, which was dated November 1, 2012, and stated it could be resubmitted within ten days of the date of rejection (*id.*).  Young states the document was date stamped as received at the institution on November 6, 2012 (*id.*).

Petitioner failed to demonstrate that Ms. Copeland's alleged conduct prevented him from exhausting his administrative remedies.  In his resubmitted BP-10, Petitioner could have and should have included his allegations as to the reason for the delay, with declarations from himself and Inmate Young verifying his allegations.  The administrative rules require that an inmate provide staff verification of the delay only when an inmate requested a copy of a disposition pursuant to § 542.19, and it was delayed.  Petitioner does not allege he made a § 542.19 request for a copy of the Regional Director's response.  Further, he has not alleged or shown that his re-submitted BP10 was rejected as untimely.  Moreover, the absence of a response to his resubmitted BP-10 does not excuse his failure to file an appeal with the General Counsel, because the administrative regulations provide that if the inmate does not receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level and proceed to the next level.

Therefore, Petitioner failed to demonstrate that staff misconduct prevented him from exhausting his administrative remedies.

Petitioner additionally argues he should be excused from the exhaustion requirement because exhaustion would be futile, and he would suffer "irreparable harm" if he was required to exhaust, including stress, loss of privileges, loss of funds in his inmate account, intimidation by staff if he files grievances, and coercion to sign new IFRP agreements (doc. 20 at 2–4). He also contends the exhaustion requirement is not jurisdictional (*id.* at 1–4).

As previously discussed, the Eleventh Circuit determined that the exhaustion requirement is jurisdictional. Given the Eleventh Circuit precedent that the exhaustion requirement is jurisdictional, whether Petitioner may even assert a futility exception to the requirement is questionable. Assuming Petitioner may argue futility as an exception to the exhaustion requirement, however, such exceptions apply only in "extraordinary circumstances," and Petitioner "bears the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Petitioner has not shown that his case involves extraordinary circumstances, and he does not adequately explain why administrative review would prove futile. The fact that a favorable administrative remedy outcome is unlikely does not meet Petitioner's burden of establishing extraordinary circumstances justifying waiver of the exhaustion requirement. *See e.g.*, Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994); Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."); Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74, 78 (1st Cir. 1997) ("A pessimistic prediction or a hunch that further administrative proceedings will prove unproductive is not enough to sidetrack the exhaustion rule."). Moreover, Petitioner's allegations of injury he will suffer if he is required to exhaust (stress, intimidation, loss of money, and loss of privileges) fall far short of justifying waiver of the exhaustion requirement.

Accordingly it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 10) be **DISMISSED** for lack of jurisdiction based upon Petitioner's failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida this 26<u>th</u> day of August 2013.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).**